# Barber *versus* Rodgers.

1. B., arrested under Act of July 14th 1842, gave bond to apply to be discharged as an insolvent: he appeared and the hearing was continued from time to time, and whilst pending he was adjudged a bankrupt in United States court. *Held*, that the condition of his bond was discharged, and the sureties released.

2. The adjudication suspended the operation of the state insolvent laws.

3. *Lex neminem cogit ad vana seu inutilia*, applied.

March — 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Warren county*: No. 432, of January Term 1871.

This was an action of debt commenced, March 18th 1869, by L. A. Rogers against Richard A. Barber, J. H. Mitchell and Myron Waters, on a bond, executed May 14th 1867, by Barber, with the other defendants as his sureties, to L. A. Rogers in the sum of $3000, with condition that Rogers should appear at the

[*Barber v. Rogers.*]

next Court of Common Pleas of the county of Warren, and present his petition for the benefit of the insolvent laws of the Commonwealth, or in default thereof and on failure to obtain his discharge, that he should surrender himself to the jail of the county.

The defendant, Barber, was arrested on the 4th of May 1867, by virtue of warrant under the Act of July 12th 1842, Pamph. L. 339, 1 Bright. Purd. 50, pl. 52 *et seq.*, and, after having entered into the above bond, was discharged from custody. On the 4th of June, Barber presented his petition for discharge as an insolvent; the first Monday in September was fixed for a hearing. On that day the hearing was continued until the second Monday of December.

On the 21st of November, Barber petitioned the District Court of the United States for his discharge as a bankrupt; he was adjudged a bankrupt November 23d.

On the 7th of December the hearing on his insolvent petition was continued in the Common Pleas until January 1868, and then until March; his discharge was refused March 10th, and he was bound over to the Quarter Sessions.

On the 8th of April an assignee in bankruptcy was appointed in the District Court of the United States.

At the June Term of the Quarter Sessions a true bill for fraudulent insolvency was found against Barber.

On the 9th of September he was found guilty in the Quarter Sessions, and on the 24th of December judgment was arrested.

On the 8th of September 1869 he was discharged by the District Court as a bankrupt; he was not discharged by the state court in accordance with the condition of his bond.

These facts were given in evidence on the trial, March 16th 1871, at a special court before Williams, J., of the 4th district.

The defendants requested the court to charge :—

1. That the Act of Congress passed the 2d day of March 1867, suspended the insolvent laws of the state of Pennsylvania from the date of its passage.

2. That the Bankrupt Act of 1867 took effect on the 1st day of June 1867, and from that date all proceedings in the state courts to effect any of the objects provided for in the Bankrupt Act were of no effect.

3. That up to the time that Richard Barber applied for the Bankrupt Act, to wit: on the 27th day of November 1867, there was no breach of the bond shown, and that the jurisdiction then attached, and all further proceedings in the state court were suspended, and the plaintiffs cannot recover.

4. That on the 8th day of March 1869 there was no breach of the insolvent bond, even in the state court, shown, and therefore the plaintiffs cannot recover.

The court instructed the jury *pro forma* " that plaintiff was en-

[Barber *v.* Rogers.]

titled to their verdict, and the points submitted by the defendants' counsel were answered in the negative.

The verdict was for the plaintiff for $2015.91.

The defendants took a writ of error, and assigned for error, the denial of their points, and the instruction of the court.

*C. B. Custis*, for plaintiffs in error.—When the state insolvent laws and the United States bankrupt laws act on the same case, the bankrupt laws are paramount: Martin *v.* Berry, 2 Bank. Reg. 188; Van Nostrand *v.* Carr, Id. 154. After the bankrupt laws took effect, all proceedings commenced under the state laws were void: Commonwealth *v.* O'Hara, 1 Bank. Reg. 19; Rany *v.* Langley, 1 Id. 155; Rump on Bankruptcy 273; Nesbit *v.* Greaves, 6 W. & S. 120.

*S. P. Johnson* and *R. Brown*, for defendant in error.—The state court could finish a proceeding commenced: Ogden *v.* Saunders, 12 Wheat. 213; Eames's Case, 2 Story's R. 325; Hilliard on Bankruptcy, sect. 27; Crabbe 493, 525; Ward *v.* Proctor, 7 Metc. 321; Judd *v.* Ives, 4 Id. 401; McGovern *v.* Hoesback, 3 P. F. Smith 179; Power *v.* Graydon, Id. 198.

The opinion of the court was delivered, May 13th 1872, by

SHARSWOOD, J.—It is unnecessary to determine whether, from the time the Bankrupt Act of Congress of March 2d 1867 went into effect, the insolvent laws of the state were *ipso facto* suspended, because it is very clear that this result followed as soon as Barber was adjudged a bankrupt, November 23d 1867. The effect of that adjudication, followed up by the appointment of an assignee April 8th 1868, was to divest him of all his property by relation to the commencement of the proceedings. He had given bond May 14th 1867, to appear at the next Court of Common Pleas, and make application for discharge as an insolvent. He did so appear, and his application was there pending when he was adjudged a bankrupt. Why, then, should the insolvent proceedings go on? The bankrupt is already divested of all his property. He is now under the laws of the United States, which, by the 44th section, provide the punishment of imprisonment upon conviction of fraudulent bankruptcy. He surely cannot be subject to a double punishment for the same offence—one under the laws of the United States and another under the laws of the state. The laws of the United States being paramount in authority, of course supersede those of the state. When, therefore, Barber was adjudged a bankrupt, the condition of his bond to take the benefit of the state insolvent laws was discharged and his sureties released. *Lex neminem cogit ad vana seu inutilia.*

                                        Judgment reversed.